M. Maureen POLSBY, Plaintiff,

v.

Tommy G. THOMPSON, Secretary,
Department of Health and Human
Services, Defendant.

No. CIV.A. 01–323(RMU).

United States District Court,
District of Columbia.

March 24, 2002.

M. Maureen Polsby, Washington, DC, Pro Se Plaintiff.

Laurie Weinstein, Assistant United States Attorney, Washington, DC, Counsel for Defendants.

## MEMORANDUM OPINION

URBINA, District Judge.

GRANTING THE DEFENDANT'S MOTION TO DISMISS; DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

## I. INTRODUCTION

This matter comes before the court upon the defendant's renewed motion to dismiss

and the *pro se* plaintiff's opposed motion for leave to file a second amended complaint. The plaintiff, M. Maureen Polsby, M.D., brings this action against Tommy G. Thompson in his official capacity as the Secretary of the Department of Health and Human Services ("the defendant" or "HHS"), claiming post-employment retaliation and discrimination based on her previous assertion of sex discrimination against the defendant under Title VII. The defendant moves the court to dismiss the plaintiff's case because it is barred by *res judicata* due to the plaintiff's earlier cases and because this court does not have venue to consider the claims. The defendant also opposes the plaintiff's motion for leave to amend her complaint, arguing that the amendment is futile. For the reasons that follow, the court grants the defendant's renewed motion to dismiss and denies the plaintiff's motion for leave to file a second amended complaint.

## II. BACKGROUND

### A. *Polsby I*

The plaintiff originated her line of cases filed in federal district courts in 1988 with a complaint against HHS (hereinafter "*Polsby I*") alleging employment discrimination and acts of reprisal in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. *See Polsby I* Mem. Op. dated Apr. 20, 1995 at 2 n. 2 (citing Civ. No. 88–2344 (D.Md.) (Chasonow, J.)). Subsequently, the plaintiff filed two additional civil actions against HHS, alleging substantively similar matters of discrimination and reprisal. *See id.* (citing Civ. No. 93–857 (D.Md.) (Chasonow, J.) and Civ. No. 94–3078 (D.Md.) (Chasonow,

J.)). United District Judge Chasanow consolidated the plaintiff's complaints and adjudicated all the pending claims in a trial ending in March 1996. *See Polsby v. Shalala*, 925 F.Supp. 379, 382 (D.Md.1996) (final ruling in *Polsby I* ). In *Polsby I*, Judge Chasanow granted the plaintiff leave to file seven supplemental documents: three supplements to the complaints, three supplements to the oppositions to defendant's motions to dismiss, and one surreply in support of the opposition. *See Polsby I* Mem. Op. dated Apr. 20, 1995 at 2 n. 2 (granting the plaintiff's motion for partial summary judgment). After the trial in March 1996, Judge Chasanow ruled for the defendant, determining that there had been no gender discrimination. *See Polsby*, 925 F.Supp. at 396.

### B. *Polsby II*

After the *Polsby I* trial concluded, the plaintiff filed a complaint (hereinafter "*Polsby II* ") in the United States District Court for the District of Columbia, alleging a conspiracy among members of the federal government to pre-arrange an adverse outcome of Dr. Polsby's original employment-discrimination case. *See Polsby II* Am. Compl. at 2. The complaint alleged many of the same facts as those alleged in *Polsby I*.[1] *See id.; Polsby*, 925 F.Supp. at 379. United States District Judge Kennedy granted the plaintiff leave to amend her complaint three times in *Polsby II*. *See* Docket for *Polsby v. Milkulski*, Civ. No. 97–0611 (D.D.C.) (Kennedy, J.). In *Polsby II*, because the plaintiff "alleged no facts, reason, or motive to support her conspiracy theories," she failed to state a claim on which relief could be granted. *See Polsby II* Mem. Op. dated July 12, 1999 at 3, 7;

---

1. The injuries Dr. Polsby alleged in *Polsby II* were: (1) that the defendants conspired to deprive Dr. Polsby of a fair trial in federal court; (2) that the defendants unlawfully lobbied Congress regarding congressional inves-

tigations at the National Institute of Health; and (3) that the defendants unlawfully located their offices in the same building. *See Polsby II* Mem. Op. dated July 12, 1999 at 4.

FED. R. CIV. P. 12(b)(6). Judge Kennedy also determined that Dr. Polsby did not have standing under Article III of the Constitution. *See Polsby II* Mem. Op. dated July 12, 1999 at 4. Thus, Judge Kennedy granted the federal defendants' motion to dismiss Dr. Polsby's complaint. *See Polsby II* Order dated July 12, 1999 at 1.

### C. The Pending Case

Dr. Polsby initiated the present case by filing yet another complaint in federal district court on February 12, 2001. In the instant matter, the court has already granted one motion by the plaintiff for leave to amend her complaint, filed in response to the defendants' motion to dismiss. *See* Order dated Nov. 8, 2001 at 1. In response, the defendant filed a renewed motion to dismiss arguing *res judicata* and lack of venue, which Dr. Polsby opposes. The plaintiff seeks leave to file a second amended complaint, and the defendant opposes this motion because the defendant views the amendment as futile. On March 19, 2002, the court ordered the defendant to file a supplement to its motion. *See* Order dated March 19, 2002. On March 24, 2002, the defendant filed the supplement and, on March 28, 2002, the plaintiff responded.

### III. ANALYSIS

### A. Legal Standard for *Res Judicata*

■■■ *Res judicata* bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946–47 (D.C.Cir.1983). The four factors that must exist for *res judicata* to apply are (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits. *See Brannock Assocs., Inc. v. Capitol 801 Corp.*, 807 F.Supp. 127, 134 (D.D.C.1992) (citing *U.S. Industries, Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 n. 21 (D.C.Cir.1985)). The purpose of *res judicata* is to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C.Cir.1981).

■■■ Determining whether a particular ruling fulfills each factor necessary for *res judicata* to apply requires a careful assessment of what each factor demands. First, a nonparty may be in privity with a party to the prior action if the nonparty's interests are "adequately represented by a party to the original action." *See American Forest Res. Council v. Shea*, 172 F.Supp.2d 24, 31 (D.D.C.2001) (quoting *Tyus v. Schoemehl*, 93 F.3d 449, 454 (8th Cir.1996)). Also, the doctrine of *res judicata* applies to all the parties' rights regarding matters that could have been litigated as well as those matters that were actually litigated. *See I.A.M. Nat'l Pension Fund*, 723 F.2d at 947. Finally, for *res judicata* to apply, the court must have made a final ruling based on the merits of the case. *See U.S. Indus.*, 765 F.2d at 205–06. A traditional judgment on the merits of a case is one that disposes of the underlying cause of action. *See Cromwell v. County of Sac*, 94 U.S. 351, 352, 4 Otto 351, 24 L.Ed. 195 (1876). More generally, a judgment is considered on the merits when a court renders a decision after considering the legal claim. *See Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir.1981); 18 Moore's Federal Practice § 131.30[3][a] (3d ed.2000). In other words, a ruling is a judgment on the merits if it "is based on legal rights as distinguished from mere matters of prac-

tice, procedure, jurisdiction, or form." *Id.* (quoting *Fairmont Aluminum Co. v. Comm'r,* 222 F.2d 622, 625 (4th Cir.1955)).

## B. Res Judicata Bars the Plaintiff from Bringing this Claim

The defendant argues that *res judicata* applies in this case and serves to preclude the plaintiff's instant action. *See* Renewed Mot. to Dismiss at 1; Def.'s Supplemental Mem. at 4–9. The plaintiff responds by admitting that the *Polsby I* and *Polsby II* courts adjudicated her original employment claims and related conspiracy claims, but argues that the instant case concerns post-employment discrimination and retaliation claims that were not adjudicated and therefore are not barred. *See* Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. to Amend Pleading ("Pl.'s Reply") at 2; Pl.'s Reply to Def.'s Supplemental Mem. at 1–3. The plaintiff also argues that her instant claim involves different defendants. *See* Pl.'s Reply at 4. The parties do not dispute the fact that courts of competent jurisdiction decided *Polsby I* and *Polsby II.* Thus, out of the four factors, the factors in dispute are (1) the identity of the parties, (3) the finality of the judgments on the merits, and (4) the same cause of action. *See Brannock Assocs., Inc.,* 807 F.Supp. at 134. The court addresses each issue in turn.

### 1. Identity of Parties in *Polsby I, Polsby II,* and this Claim

 For purposes of *res judicata,* courts have long held that "parties nominally different may be, in legal effect, the same." *Sunshine Anthracite Coal Co. v. Adkins,* 310 U.S. 381, 402, 60 S.Ct. 907, 84 L.Ed. 1263 (1940); *see also* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Proce-

dure § 4449 (3d ed.2001). For purposes of *res judicata,* there is privity between a government and its officers. *See Sunshine Anthracite Coal Co. v. Adkins,* 310 U.S. 381, 402–03, 60 S.Ct. 907, 84 L.Ed. 1263.

In *Polsby I,* Dr. Polsby brought claims against Donna E. Shalala in her official capacity as Secretary of the Department of Health and Human Services. *See Polsby,* 925 F.Supp. at 381. In *Polsby II,* Dr. Polsby named multiple officials of the United States Federal Government and the Maryland Democratic Party as defendants. *See Polsby II* Mem. Op. dated July 12, 1999 at 1. Here, Dr. Polsby raises claims against defendant Tommy G. Thompson in his official capacity as Secretary of the United States Department of Health and Human Services. *See* Am. Compl. at 3. These officials are all in privity with the United States as its officers and in its legal interests. *See Sunshine Anthracite Coal Co.,* 310 U.S. at 402–03, 60 S.Ct. 907. Consequently, for purposes of *res judicata,* all three cases involve the same defendant.

### 2. *Polsby I* and *Polsby II* Resulted in Final Judgments on the Merits

 Dismissal for failure to state a claim on which relief can be granted under Rule 12(b)(6) operates as "a resolution on the merits and is ordinarily prejudicial." *See Okusami v. Psychiatric Inst. of Washington, Inc.,* 959 F.2d 1062, 1066 (D.C.Cir. 1992); *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Consequently, because Judge Kennedy based the *Polsby II* dismissal in part on the plaintiff's failure to state a claim, it serves as a judgment on the merits for purposes of *res judicata.*[2]

---

**2.** In *Polsby II,* Judge Kennedy also ruled that Dr. Polsby did not have standing under Article III. *See Polsby II* Mem. Op. dated July 12,

1999 at 4. Because the dismissal for failure to state a claim fulfills the required judgment on the merits, the court does not address the

See *Polsby II* Mem. Op. dated July 12, 1999 at 4; *Okusami,* 959 F.2d at 1066.

Likewise, in *Polsby I,* Judge Chasanow presided over a trial and then rendered a final judgment resolving the merits of Dr. Polsby's complaint, determining that there had been neither discrimination nor post-employment acts of retaliation. *See Polsby,* 925 F.Supp. at 382, 396.

### 3. The Present Claim and the Claims Raised in *Polsby I* and *II* Involve the Same Cause of Action

■ To determine whether cases involve the same cause of action, the D.C. Circuit has adopted the "pragmatic, transactional" approach found in the Restatement (Second) of Judgments § 23(2) (1982). *See U.S. Indus.,* 765 F.2d at 205. Under the transactional approach, the court considers "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* at 205; *see I.A.M. Nat'l Pension Fund,* 723 F.2d at 949 n. 5. Likewise, the D.C. Circuit has pointed out that a critical issue is whether a petitioner has previously had an opportunity to present evidence on her claims. *See U.S. Indus.,* 765 F.2d at 206 (citations omitted).

In the instant matter, the plaintiff asserts Title VII and retaliation claims that were brought or could have been brought in *Polsby I* or *Polsby II.* First, any and all claims arising from the alleged discriminatory acts that existed before March 1996 could have been brought during the *Polsby I* trial. For example, the plaintiff's claim that the National Institutes of Health ("NIH") retaliated against her by denying her admission to the board-certification exam arose in June 1995 and could have been raised before the *Polsby I* trial ended. *See* First Am. Compl. ¶ 44(f). The same set of events that served as the basis for the plaintiff's Title VII discrimination and retaliation claims in *Polsby I,* namely, NIH's refusal to continue Dr. Polsby's employment, serve as the basis for this claim of retaliation and Dr. Polsby's other claims of post-employment retaliation. Because the plaintiff's currently pending post-employment retaliation claims arise from the same transaction from which her *Polsby I* claims arose, the doctrine of *res judicata* bars these claims. *See U.S. Indus.,* 765 F.2d at 205.

Second, the plaintiff's vague claims concerning additional post-employment acts of retaliation that may have occurred after March 1996 could have been raised in *Polsby II,* which was not adjudicated until July 1999. *See* First Am. Compl. ¶¶ 44(f), 44(h). The plaintiff asserts similar facts as relevant in her present complaint and in her *Polsby II* complaint. *See id.* at 4–15; *Polsby II* First Am. Compl. at 7–24.[3] Dr. Polsby's vague claim that "numerous other post-employment acts of retaliation and discrimination" occurred merely describes the same issues she brought in *Polsby II* and does not raise a specific, new cause of action that could not have been addressed in that same case. *See* First Am. Compl. at ¶ 44(h). Even if Dr. Polsby's claims are not identical to those Dr. Polsby brought in *Polsby II,* they still arose from the same "transaction or occurrence" and thus do not merit further consideration by the court. *See U.S. Indus.,* 765 F.2d at 205.

■ Finally, it is an established principle of *res judicata* that "even though

---

defendant's argument that the jurisdictional holding has preclusive effect.

3. *Compare* First Am. Compl. ¶¶ 5(a)-(e), 12, 23, 26–40, 44(c) *with Polsby II* First Am. Compl. ¶¶ 18–21, 23, 24, 29, 33, 35, 37–40, 45–50, 66, 78.

one group of facts may give rise to different claims for relief, upon different theories of recovery, there remains a single cause of action." *Prochotsky v. Baker & McKenzie,* 966 F.2d 333, 335 (7th Cir.1992) (internal citations omitted); *see also* Charles Alan Wright, Arthur Miller & Edward H. Cooper, Federal Practice and Procedure § 4411 (3d ed.2001) ("[a] second action may be precluded on the ground that the same claim or cause of action was advanced in the first action even though a different source of law is involved"). The plaintiff asserts a change of law, in which the Supreme Court held that Title VII protects former employees, as a basis for the present complaint. *See* First Am. Compl. at ¶ 14–16; *Robinson v. Shell Oil Co.,* 519 U.S. 337, 346, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). This change occurred, however, during the pendency of Dr. Polsby's appeal of Judge Chasanow's decision in *Polsby I.* The Fourth Circuit considered the change of law in *Robinson,* found that any error was harmless, and affirmed Judge Chasanow's decision that the evidence failed to prove post-employment retaliation. *See Polsby v. Chase,* 165 F.3d 19 (Table), 1998 WL 738453 (4th Cir.1998). Finally, any other issue surrounding the change of law could have been raised in *Polsby II,* wherein Dr. Polsby amended her complaint three times. *See* Docket for *Polsby v. Mikulski,* Civ. No. 97–0611 (D.D.C.). Because the doctrine of *res judicata* dictates that "once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost," *Polsby I* and *Polsby II* bar the plaintiff's claims. *See Car Carriers, Inc. v. Ford Motor Co.,* 789 F.2d 589, 593 (7th Cir.1986).

## C. Legal Standard for Leave to Amend a Complaint

Federal Rule of Civil Procedure 15(a) provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ...." FED. R. CIV. P. 15(a). Once a responsive pleading is filed, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.; see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The D.C. Circuit has held that for a trial court to deny leave to amend is an abuse of discretion unless the court provides a sufficiently compelling reason, such as "undue delay, bad faith, or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments [or] futility of amendment." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996) (quoting *Foman,* 371 U.S. at 182, 83 S.Ct. 227).

 A court may deny a motion to amend a complaint as futile when the proposed complaint would not survive a motion to dismiss. *See James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1099 (D.C.Cir. 1996) (citations omitted). When a court denies a motion to amend a complaint, the court must base its ruling on a valid ground and provide an explanation. *See id.* "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 Moore's Federal Practice § 15.15[3] (3d ed.2000). If a litigant is pro se, however, that litigant should receive more latitude than parties represented by counsel "to correct defects in service of process and pleadings." *See Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 876 (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

### D. The Court Denies the Plaintiff's Motion for Leave to File a Second Amended Complaint

The plaintiff has received ample latitude to amend her complaints. In this case, the court granted Dr. Polsby leave to amend her complaint once. In her prior lawsuits, *Polsby I* and *Polsby II,* she amended or supplemented her complaints at least five times. *See Polsby I* Mem. Op. dated Apr. 20, 1995 at 2 n. 2; Docket for *Polsby v. Mikulski,* Civ. No. 97–0611 (D.D.C.).

█ The court denies the plaintiff's motion for leave to file a second amended complaint because such amendment would be futile. *See Firestone,* 76 F.3d at 1208. The plaintiff's proposed second amendment makes only minor corrections to the caption and adds language in an attempt to show that venue is proper in this court. *See* Pl.'s Mot. for Leave to File Second Am. Compl. at 2. Even with these changes, the claims would not overcome the defendant's motion to dismiss based on *res judicata.* If the court were to grant leave to the plaintiff to file her proposed second amended complaint, the doctrine of *res judicata* would apply with equal force and the court would reach the same conclusion that it reaches with respect to the plaintiff's instant complaint. Therefore, the plaintiff's proposed amendment would be futile, and the court denies her motion for leave to file a second amended complaint.

### IV. CONCLUSION

For all these reasons, the court grants the defendant's renewed motion to dismiss [4] and denies the plaintiff's motion for leave to file a second amended complaint. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this ———— day of April 2002.

### ***ORDER***

### GRANTING THE DEFENDANT'S MOTION TO DISMISS; DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this ———— day of April 2002, it is

**ORDERED** that the defendant's renewed motion to dismiss is **GRANTED;** and it is

**FURTHER ORDERED** that the plaintiff's motion for leave to file a second amended complaint is **DENIED.**

**SO ORDERED.**

---

4. The defendant also argues that the plaintiff's claim should be dismissed based on lack of venue. Because the court concludes that *res judicata* bars the present action, the court need not address the remaining argument.