**Roger ELLIOTT, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, et al., Defendants.**

**No. CIV.A. 03–2091(ESH).**

United States District Court, District of Columbia.

Feb. 18, 2004.

Roger Elliott, pro se, Front Royal, VA, for Plaintiff.

Joseph Alan Pixley, U. S. Attorney's Office, Washington, DC, for Defendants.

### *MEMORANDUM OPINION*

HUVELLE, District Judge.

Plaintiff has filed a complaint *pro se* under 5 U.S.C. § 706, 28 U.S.C. § 1361, and 42 U.S.C. § 1983, claiming impoverishment and stigmatism due to his allegedly wrongful termination from the Federal Deposit Insurance Corporation ("FDIC") in 1999. Defendants have now moved to dismiss the complaint under the doctrine of *res judicata* on the grounds that the subject matter of this complaint was previously litigated in a prior case—*Elliott v. FDIC*, No. CA–00–1553–A (E.D.Va. May 11, 2001), *aff'd*, No. 01–1771, slip op. (4th Cir. Oct. 17, 2001), and thus cannot be litigated again. Moreover, defendants urge that plaintiff's § 1983 claim fails because plaintiff has not shown that any person acting under color of state law deprived him of any right and that plaintiff's claim for mandamus has no merit. The Court agrees and will therefore grant defendants' motion to dismiss.

### BACKGROUND

Defendants fired plaintiff in June 1999 for falsification of official documents, failure to follow supervisory instructions, inappropriate or disrespectful conduct, and absence without leave on two occasions. (Tr. at 8–9.) [1] Plaintiff appealed to the

---

1. The citations refer to the findings of fact in the transcript of the motions hearing before Judge Ellis of the United States District Court for the Eastern District of Virginia in *Elliott v.*

Merit Systems Protection Board ("MSPB") challenging the four stated grounds of his dismissal and alleging that removal was too harsh a penalty for his alleged conduct. (*Id.* at 9.) In his appeal to the MSPB, plaintiff also claimed age discrimination and reprisal for having engaged in whistle-blowing activities. (*Id.*) The MSPB administrative law judge heard witnesses, took evidence, and issued a decision sustaining plaintiff's removal on two of the four original grounds, *i.e.,* falsification of official documents and inappropriate or disrespectful conduct. (*Id.*) The administrative law judge also found that the penalty of removal was reasonable and appropriate, and that plaintiff had failed to meet his burden on the age discrimination claim and the reprisal claim. (*Id.* at 9–10.) The MSPB issued a final order, and plaintiff appealed *pro se* to the United States District Court for the Eastern District of Virginia. (*Id.* at 10.)

The district court reviewed the administrative record and found that substantial evidence supported the MSPB's findings that plaintiff had falsified official documents and engaged in inappropriate or disrespectful conduct. (Tr. at 13.) The court also determined that the Board's decision was neither arbitrary and capricious, nor an abuse of discretion. (*Id.*) In addition, the court rejected plaintiff's challenge to the sanction and his claim of reprisal for whistle-blowing. (*Id.*) Finally, the court reviewed plaintiff's discrimination claim *de novo,* holding that plaintiff could not establish a prima facie case and that he could not show that defendants' proffered reasons for the termination were pretextual. (*Id.* at 15.) The court found no basis in the record to support plaintiff's claim that he was performing adequately at the time of his dismissal or that he was the victim of unlawful discrimination. (*Id.*)

*Merit Sys. Prot. Bd.,* No. CA–00–1553–A

Thus, the court granted the motions to dismiss and for summary judgment. (*Id.*) Plaintiff appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed the district court's decision in an unpublished opinion. *Elliot v. FDIC,* No. 01–1771, slip op. (4th Cir. Oct. 17, 2001) (*per curiam*).

Again proceeding *pro se,* plaintiff has now filed in this Court a complaint against the FDIC seeking relief from defendants' destruction of "his ability to obtain employment,"and the injustice resulting from defendants' "stigmatizing him with misrepresentations, to potential employers ...." (Pl.'s Opp. at 2–3.) Essentially, plaintiff argues that the terms of his dismissal— "Inappropriate or Disrespectful Conduct" and "Falsification of Official Federal Government Documents"—were not proper grounds for his termination, and that his subsequent inability to obtain employment is an unjust result of these improper dismissal terms that must be remedied. (*See* Pl.'s Opp. at 2–4.) Given the fact that final judgment was entered in the earlier case validating the grounds for plaintiff's dismissal, plaintiff is precluded by the doctrines of *res judicata* and collateral estoppel from relitigating this matter. Further, plaintiff's § 1983 claim lacks merit, and mandamus is not an available remedy.

## LEGAL ANALYSIS

### I. Res Judicata

The doctrine of *res judicata* acts to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander,* 655 F.2d 1281, 1288 (D.C.Cir.

(E.D.Va. May 11, 2001).

1981). As explained by the Supreme Court:

> [T]he doctrine of *res judicata* provides that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

*Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983) (quoting *Cromwell v. Sac County,* 94 U.S. 351, 352, 24 L.Ed. 195 (1876)). "The final 'judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever.'" *Id.* at 130, 103 S.Ct. 2906 (quoting *Comm'r v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948)). To determine whether the doctrine of *res judicata* applies, the Court must decide (1) whether the parties are identical or in privity with each other in both suits; (2) whether the present claim is the same as a claim that was raised or might have been raised in the first proceeding; (3) whether a judgment was issued in the first action by a court of competent jurisdiction; and (4) whether the earlier decision was a final judgment on the merits. *See Paley v. Estate of Ogus,* 20 F.Supp.2d 83, 87 (D.D.C.1998) (citing *U.S. Indus., Inc. v. Blake Constr. Co.,* 765 F.2d 195, 205 n. 21 (D.C.Cir. 1985)).

There can be no dispute here that the parties to the present suit are identical or in privity with the parties in the prior action. *See LoBue v. Christopher,* 82 F.3d 1081, 1084–85 (D.C.Cir.1996) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government.") The present claim is the same as the claim raised in the Eastern District of Virginia. There, plaintiff argued that his termination was based on "a threat charge, cloaked as inappropriate or disrespectful conduct, without any proof of a threat, and also by upholding a repeated falsification charge, without proof of even one instance of falsification." (Tr. at 4–5.) Here, plaintiff again argues that his termination was invalid and seeks relief for the "impoverishing stigmatization" it has caused. (Pl.'s Opp. at 4.) Even though plaintiff asserts that he has a different claim for relief, there remains only one cause of action for purposes of applying the *res judicata* doctrine. *See Polsby v. Thompson,* 201 F.Supp.2d 45, 50–51 ("[I]t is an established principle of *res judicata* that 'even though one group of facts give rise to different claims for relief, upon different theories of recovery, there remains a single cause of action.'") (internal citation omitted). Finally, the United States Court of Appeals for the Fourth Circuit issued a final decision on the merits when it affirmed the district court's decision in favor of defendants.

Because the requirements of *res judicata* have been met, plaintiff's latest complaint must be dismissed with prejudice.

## II. Collateral Estoppel

Not only does plaintiff's complaint fail under *res judicata,* it similarly fails under the doctrine of collateral estoppel. Under collateral estoppel, or issue preclusion, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the

first case. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Novak v. World Bank,* 703 F.2d 1305, 1309 (D.C.Cir.1983).

The complaint is not entirely clear as to exactly what cause of action plaintiff advances. Plaintiff argues that defendant "impoverished" him and destroyed his "ability to obtain employment, by disseminating those labels [Inappropriate or Disrespectful Conduct and Falsification of Official Federal Documents] and stigmatizing him." (Pl.'s 2d Am. Compl. ¶ 1.) In *District Council 20 v. District of Columbia,* the court considered a case similar to plaintiff's claim. There, plaintiffs argued that public statements made by their former employer, in which he stated that the employees were terminated because of their lack of commitment to their jobs and incompetence, "stigmatized the discharged employees and impair[ed] their ability to find further employment." *District Council 20 v. District of Columbia,* No. Civ. A.97–0185(EGS), 1997 WL 446254, at *7 (D.D.C. Jul.29, 1997), *aff'd in relevant part and remanded in part on other grounds,* 159 F.3d 636, 1998 WL 388360 (D.C.Cir. 1998) (table decision). The plaintiffs in *District Council 20* alleged that the employer violated their Fifth Amendment procedural due process rights by depriving them of their protected liberty interests in their reputations without affording them an opportunity to rebut the negative charges. *Id.*

■■■ It appears that plaintiff advances a similar liberty interest claim in his complaint because he alleges that the labels of his termination stigmatized him and destroyed his ability to obtain employment in violation of his constitutional rights. (Pl.'s 2d Am. Compl. ¶ 1.) "To maintain a liberty interest claim, the discharged employee must show that a public employer published alleged untrue stigmatizing statements in connection with the employee's termination, and that the statements made about the employee have damaged his professional reputation in such a manner as to hamper the employee's future employment prospects." *District Council 20,* 1997 WL 446254, at *7. The purpose of a liberty interest claim is to give the employee an opportunity to rebut the allegedly untrue stigmatizing statements, but the record in the instant case makes clear that plaintiff has already been afforded the opportunity to challenge the bases for his termination, and a court, after a full adjudication of the matter, rejected plaintiff's position. Because the validity of plaintiff's termination has already been litigated and decided, the doctrine of collateral estoppel precludes plaintiff from raising this issue again, and therefore, plaintiff's complaint must be dismissed with prejudice.[2]

### III. Plaintiff's § 1983 Claim

■■■ The basis for a suit under 42 U.S.C. § 1983 is plaintiff's assertion that a person acting under color of state law has deprived him of a constitutionally-protected right. *Abramson v. Bennett,* 707 F.Supp. 13, 16 (D.D.C.), *aff'd,* 889 F.2d 291, 1989 WL 136776 (D.C.Cir.1989) (§ 1983 applies only to state officials acting under color of state law). The FDIC is a federal agency, not a person subject to liability under § 1983. *Hindes v. FDIC,* 137 F.3d 148, 158–59 (3d Cir.1998). Be-

---

**2.** To the extent that plaintiff is attempting to advance a defamation claim, the doctrine of collateral estoppel would likewise bar it because defamation requires plaintiff to show that defendant's harmful statement was false. *Moldea v. New York Times Co.,* 15 F.3d 1137, 1142 (D.C.Cir.1994). As discussed above, the validity of plaintiff's discharge has been fully litigated and decided, thus collateral estoppel would preclude him from raising this issue in the context of a defamation suit as well.

cause plaintiff has not alleged that any person acting under color of state law deprived him of a constitutional right, the Court will dismiss this claim.

## IV. Plaintiff's Federal Mandamus Claim

Mandamus is only available as a remedy where "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Council of and for the Blind of Del. County Valley, Inc. v. Regan,* 709 F.2d 1521, 1533 (D.C.Cir.1983) (*en banc*). The decisions of the Eastern District of Virginia, and the Fourth Circuit Court of Appeals dismissing plaintiff's petitions for review have made clear that plaintiff has no right to relief here. Nor has plaintiff demonstrated that defendants have any duty to act. Consequently, the extraordinary remedy of mandamus is not available to plaintiff, and the Court will dismiss this claim.

## CONCLUSION

For the reasons given above, the Court finds that plaintiff's claims are barred by *res judicata* and collateral estoppel, plaintiff's section 1983 claim lacks merit, and federal mandamus is not available as a remedy. Therefore, plaintiff's complaint must be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

## *ORDER*

Upon consideration of defendants' motion to dismiss, as well as plaintiff's response thereto, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that defendants' motion to dismiss is **GRANTED**; it is

**FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

This is a final and appealable order. *See* Fed. R.App. P. 4(a).