**Hollis LANGSTON, Plaintiff-Appellant,**

**v.**

**INSURANCE COMPANY OF NORTH AMERICA and Cigna, Defendants-Appellees.**

No. 87–4189
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 23, 1987.

Robert G. Germany, Cothren & Pittman, Jackson, Miss., for plaintiff-appellant.

Joe P. Martin, Philadelphia, Pa., Jerrald L. Shivers, M. Curtiss McKee, Jackson, Miss., for defendants-appellees.

---

**19.** *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

Before REAVLEY, RANDALL and JOLLY, Circuit Judges.

PER CURIAM:

For the reasons stated in its opinion, which we adopt and attach hereto, the judgment of the district court is

AFFIRMED.

## APPENDIX

United States District Court, Southern District of Mississippi, Jackson Division.

Civil Action No. J86–0132(W)

Hollis Langston, Plaintiff

vs.

Insurance Company of North America and CIGNA, Defendants

### MEMORANDUM OPINION AND ORDER

This cause came on to be considered on defendants' motion for summary judgment on the grounds that res judicata or claim preclusion bars plaintiff's bringing of the above styled and numbered cause. Having thoroughly reviewed the pleadings, briefs, affidavits, and exhibits submitted by the parties, the Court now makes its ruling relative to defendants' motion.

### FACTS

Plaintiff's employment with defendants was terminated on or about March 1, 1985. On July 26, 1985, plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission [hereinafter referred to as EEOC]. On August 2, 1985, plaintiff filed a state common law action for wrongful discharge in the Circuit Court of Hinds County, Mississippi. Defendants removed the state court action to this Court on the basis of diversity jurisdiction. The removed action was styled and numbered *Hollis Langston v. Ins. Co. of North America and CIGNA*, No. J85–0805(B) [hereinafter referred to as *Langston I*]. The case was assigned to United States District Judge William H. Barbour, Jr. On September 9, 1985, defendants filed a motion for judgment on the pleadings or, in the alternative, for summary judgment. During the pendency of defendant's motion, on November 22, 1985, plaintiff received a right-to-sue letter from EEOC. Nevertheless, plaintiff made no efforts whatsoever to raise the age discrimination issue in *Langston I*. Instead, on February 20, 1986, plaintiff filed the case *sub judice* [hereinafter referred to as *Langston II*] before the undersigned judge, claiming that plaintiff had been wrongfully terminated on account of his age, in violation of the Age Discrimination in Employment Act. Six days later, on February 26, 1986, Judge Barbour granted defendants' motion for summary judgment on plaintiff's state court action in *Langston I* and dismissed the action on the grounds that plaintiff had failed to state a claim for wrongful termination, inasmuch as plaintiff could be terminated at will under Mississippi law. Thereafter, defendants filed an answer to *Langston II* which included an affirmative defense of res judicata and collateral estoppel. Subsequently, defendants filed their motion for summary judgment claiming that plaintiff is precluded from relitigating this cause of action since he could have raised this claim in the previously filed suit.

### RES JUDICATA

In *Nilsen v. City of Moss Point, Mississippi*, 701 F.2d 556 (5th Cir.1983), cert. denied 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137, reh. denied 423 U.S. 1026, 96 S.Ct. 470, 46 L.Ed.2d 400 (1975), plaintiff filed four (4) successive suits against the City of Moss Point claiming that the City refused to hire her as a fire fighter because of her sex. The first three suits were brought pursuant to Title VII of the Civil Rights Act. Plaintiff's first suit was dismissed with prejudice. The second and third suits were consolidated and decided in favor of the City by summary judgment on the grounds that plaintiff failed to meet the timely filing requirements of Title VII. After an unsuccessful attempt to amend her consolidated action to add a 42 U.S.C. § 1983 claim, plaintiff appealed the ruling of the district court to the Fifth Circuit

Court of Appeals. The Fifth Circuit affirmed the lower court's granting of summary judgment as well as the court's denial of plaintiff's proposed amendment in the consolidated cases. Plaintiff thereafter filed her fourth suit advancing an additional theory for recovery under § 1983. The district court dismissed the action on the grounds that the judgment in the consolidated cases barred the fourth action. Affirming the district court's ruling, the Fifth Circuit delineated the standards for the application of res judicata:

> The test to be applied is settled in our circuit:
>
> For a prior judgment to bar action on the basis of res judicata, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases. *Stevenson v. International Paper Co.*, 516 F.2d 103, 108 (5th Cir.1975)....

*Nilsen,* 701 F.2d at 559. Inasmuch as the last prong of the test was at issue in *Nilsen,* the Fifth Circuit provided guidance for the determination of what constituted the same cause of action:

> This Court has recognized that the principal test for comparing causes of action is whether the primary right and duty or wrong are the same in each action. *Stevenson v. International Paper Co.*, 516 F.2d 103, 109 (5th Cir.1975), *Kemp v. Birmingham News Co.*, 608 F.2d 1049, 1052 (5th Cir.1979)....
>
> That the issue presented here was never decided in the former case does not signify; according to general theories of judicial estoppel to which "federal courts have traditionally adhered," it is blackletter law that *res judicata,* by contrast to narrower doctrines of issue preclusion, bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980).... And it is equally settled that one who has a choice of more than one remedy for a given wrong, as Ms. Nilsen did here, may not assert them serially, in

successive action but must advance all at once on pain of bar. [Emphasis in original].

*Nilsen,* 701 F.2d at 559–560.

The *Nilsen* ruling is amplified by the Fifth Circuit's adoption of the transactional test of the Restatement (Second) of Judgments. Relative to the transactional test, the Restatement (Second) on Judgment comments:

> The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variation in the evidence needed to support the theories of rights. The transaction is the basis of the litigative unit or entity—which may not be split.... Transaction may be single despite different harms, substantive theories, measures or kinds of relief. That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of facts, or would emphasize different elements of the facts or would call for different measures of liability or different kinds of relief....

*United Home Rentals v. Texas Real Estate Commission,* 716 F.2d 324, 329, n. 9 (5th Cir.1983).

Additionally, in *Ocean Drilling & Exploration v. Mont Boat Rental,* 799 F.2d 213 (5th Cir.1986), the Fifth Circuit recently reaffirmed its approval of the application of the transactional test of the Restatement in determining whether a second suit is barred by res judicata. The Court stated:

> Comment (c) to § 24 of the Restatement offers the following guidance: "That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims."

Moreover, § 25 states that the transactional test "applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action ... [t]o present evidence or grounds or theories of the case not presented in the first action." The drafters of the Restatement offer this illustration: a party having causes of action sounding in both tort and contract arising from the same event must assert both claims in a single suit or extinguish forever the claim not raised. The rule and illustration comport with the view of commentators: "As a general principle, then, the plaintiff must assert in his first suit all the legal theories, that he wishes to assert, and his failure to assert them does not deprive the judgment of its effect as res judicata."

*Ocean Drilling,* 799 F.2d at 217.

## APPLICATION

It is undisputed that the parties in *Langston I* and *Langston II* are identical and that the judgment in *Langston I* was rendered by a court of competent jurisdiction. Nor can it be disputed that Judge Barbour's granting of summary judgment for failure to state a claim and subsequent dismissal in *Langston I* was a judgment on the merits. *Federated Department Stores,* 452 U.S. 394, 399, n. 3, 101 S.Ct. 2424, 2428, n. 3, 69 L.Ed.2d 103 (1981) (dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is "judgment on the merits"). Thus, the dispositive issues before this Court are whether under the *Nilsen* tests, *Langston I* and *Langston II* involved the same cause of action or whether *Langston II could have been brought* in support of the cause of action then pending before the Court in *Langston I. Nilsen,* 701 F.2d at 562.

## SAME CAUSE?

Both *Langston I* and *Langston II* complaints allege that plaintiff was wrongfully terminated or forced from his employment without justification or good cause. The language in the complaints is patently similar.

In comparison, *Langston I,* paragraph 3, stated:

That during December 1982, Defendants, through the agents, servants and employees, set out to force Plaintiff from his employment with said Defendants. That on or about March 1, 1985, Defendants, through their agents, servants and employees, wrongfully and without justification of reason terminated Plaintiff's employment.

*Langston II,* paragraphs 6 and 7, state:

Approximately two years prior to the unlawful termination of Plaintiff, Defendants began a course or other pattern of harassment against Plaintiff intended to cause Plaintiff to resign or be terminated. The course of harassment consisted of a series of job or position transfers, without good cause, within the employment of Defendants as well as other action. On March 1, 1985, Plaintiff was unlawfully terminated by Defendant. The unlawful termination of Plaintiff was without good cause or notice and amounted to age discrimination against Plaintiff by Defendants.

Both suits challenge the conduct of defendants in allegedly forcing plaintiff from his employment, and the facts supporting *Langston I* and *Langston II* appear substantially the same. However, the theories under which plaintiff seeks recovery differs. *See, Ocean Drilling,* 799 F.2d at 217; *United Home,* 716 F.2d at 328–330; *Nilsen,* 701 F.2d at 560–562. Although it cannot be fairly said that *Langston I* advanced the age discrimination theory of the case which is alleged in *Langston II,* this does not mean that res judicata is inapplicable. *Ocean Drilling,* 799 F.2d at 216. Res judicata or claim preclusion bar all claims that were or could have been advanced in support of the cause of action adjudicated in *Langston I,* not merely those that were actually adjudicated. *Nilsen,* 701 F.2d at 560; *United Home,* 716 F.2d at 328; *see also, Aerojet-General Corporation v. Askew,* 511 F.2d 710 (5th Cir.1975).

## COULD HAVE BEEN BROUGHT?

Plaintiff contends that he could not have brought his age discrimination suit in *Langston I* because he had not completed

the requisite filings with the EEOC at the time the suit was filed. However, the facts indicate that plaintiff had completed the necessary procedures with the EEOC and received a right-to-sue letter on November 26, 1985, three months before *Langston I* was dismissed by this Court. Plaintiff made no attempt to amend *Langston I* to include the age discrimination theory of recovery. Instead, plaintiff argues that he felt that an amendment would have been futile inasmuch as there was a motion for judgment on the pleadings or, in the alternative, for summary judgment pending before this Court. Plaintiff's argument in this regard lacks merit inasmuch as the general rule in the federal courts is to liberally permit amendments where justice so requires, even though such amendment may change the theory of a case. *Dussouy v. Gulf Coast Investment Corporation,* 660 F.2d 594 (5th Cir.1981). Moreover, plaintiff could very well have sought consolidation of *Langston I* and *Langston II,* pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Rule 5 of the Uniform Local Rules of the United States District Court for the Northern and Southern Districts of Mississippi. Nonetheless, plaintiff, who controlled the tactical decisions in the contest between the parties, made no attempt to either amend *Langston I* or consolidate *Langston II* with *Langston I* so as to include plaintiff's age discrimination claim.

Additionally, the Court notes that the facts do not indicate nor does plaintiff contend that plaintiff was under pressure to file the state court action prior to resolution of his petition before the EEOC. However, before EEOC was able to rule on plaintiff's charge of age discrimination, plaintiff had initiated his state court action, evidently hoping to bring his federal action at a later date. After removal of *Langston I* and receipt of the right-to-sue letter, plaintiff had a fair opportunity to raise the age discrimination claim in the already pending cause of action. Instead, plaintiff filed the case *sub judice* resulting in two separate suits arising out of substantially the same alleged set of facts, yet awaiting resolution by two different judges. Clearly, it is the prevention of this kind of claim splitting and "dilatoriness" which the doctrine of res judicata contemplates. *Nilsen v. City of Moss Point,* 701 F.2d at 563; *United Home,* 716 F.2d at 324–330.

In *Fleming v. Travenol Laboratories, Inc.,* 707 F.2d 829 (5th Cir.1983), the Fifth Circuit, affirming a district court's application of the doctrine of res judicata, voiced its intolerance for the splitting of a claim or cause of action into two suits as well as condemned the dilatory action of plaintiff in failing to amend a pending action with the same factual basis as a second filed suit. The Court stated:

> Here the factual basis for Fleming's Title VII claim, her suspension and discharge from Travenol, is the same as the factual basis adjudged against her in her earlier § 1983 and fourteenth amendment claims against Travenol. Even though the legal basis here is different, Title VII as opposed to § 1983 and fourteenth amendment and she now claims sex discrimination as opposed to her earlier charge of race discrimination, the same wrong is sought to be vindicated in each instance. There can be no doubt, under the facts of this case, that at the time that Fleming filed her EEOC charge and received her right-to-sue letter, she could simply have amended her pending discrimination complaint and argued the Title VII allegations in that suit. She chose not to do so, but rather filed a second complaint while her original case was still pending. As we said in *Nilsen,* when one has a choice of more than one remedy for a given wrong, here the suspension and discharge, he or she may not assert them serially, in successive actions, but must advance all at once on pain of bar. *Nilsen,* at 561.

*Fleming,* 707 F.2d at 834.

Applying the principles of law to the facts of this case, the Court concludes that *Langston I* and *Langston II* are successive actions arising out of the same transaction or wrong and further that plaintiff could have, by amendment or consolidation, advanced his age discrimination allegations during the pendency of *Langston I's*

wrongful termination in employment action.

Accordingly, the Court is of the opinion that defendants' motion for summary judgment on the grounds of res judicata or claim preclusion is well taken and should be sustained.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendants' motion for summary judgment on the grounds of res judicata or claim preclusion be and the same is hereby sustained, and the above styled and numbered cause is hereby dismissed with prejudice.

IT IS FURTHER ORDERED that judgment shall be entered in accordance with the foregoing Memorandum Opinion and Order and pursuant to Rule 58 of the Federal Rules of Civil Procedure and Rule 9 of the Uniform Rules of the United States District Court for the Northern and Southern Districts of Mississippi.

SO ORDERED AND ADJUDGED, this, the 5 day of February, 1987.

/s/ Henry T. Wingate
UNITED STATES DISTRICT JUDGE

### FINAL JUDGMENT

The Court, having considered Defendants' Motion for Summary Judgment, finds that the Motion is well taken and should be granted. Accordingly, this action is hereby dismissed with prejudice.

SO ORDERED this the 24th day of February, 1987.

/s/ Henry T. Wingate
UNITED STATES DISTRICT JUDGE