**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-60085

(Summary Calendar)

_____

DIANNE J RICHARDSON,

Plaintiff - Appellant,

versus

DESOTO COUNTY SHERIFF'S DEPARTMENT,

Defendant - Appellee.

_____

Appeal from the United States District Court
For the Northern District of Mississippi
USDC No. 2:99-CV-230-B-E

_____

September 24, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Dianne J. Richardson ("Richardson") appeals the district court's judgment

granting a motion to dismiss filed by Defendant-Appellee DeSoto County Sheriff's Department

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("DeSoto"). On appeal, Richardson argues that the district court erred in determining that her second lawsuit against DeSoto was barred by the doctrine of res judicata.

We review a district court's ruling on a motion to dismiss de novo. *Wightman v. Texas Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996)(citing *FDIC v. Ernst & Young*, 967 F.2d 166, 169 (5th Cir. 1992)).

Richardson brought her first action against DeSoto in federal court on December 11, 1998, at which time she was employed by DeSoto as a booking officer. *See Richardson v. De Soto County Sheriff's Dep't*, No. 2:98-CV-2111-SAA (*"Richardson I"*). That action, *Richardson I*, was based on an Equal Employment Opportunity Commission ("EEOC") charge of racial discrimination under Title VII, 42 U.S.C. § 2000e-2(a), and on a claim of disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101-213. Richardson also alleged in *Richardson I* that the sheriff and the chief deputy of DeSoto had threatened to retaliate against her by laying her off if she did not settle the EEOC proceeding that she had initiated in August of 1997. On March 26, 1999, DeSoto terminated Richardson's employment after Richardson allegedly failed to follow a direct order from her supervisor. Believing that her discharge was in retaliation for her prior EEOC filing, Richardson filed a second EEOC claim against DeSoto alleging retaliatory discharge under Title VII, 42 U.S.C. § 2000e-3. On August 27, 1999, Richardson received from the EEOC a right-to-sue notice for this second charge. On November 12, 1999, DeSoto filed its motion for summary judgment in *Richardson I*. Two weeks later, instead of amending her *Richardson I* complaint, Richardson filed a second suit against DeSoto,[1] this time alleging that she was discharged in retaliation for the prior action. *See Richardson v. De Soto County Sheriff's Dep't*, No. 2:99-CV-230-BB, (*"Richardson II"*).

---

[1]Richardson's second suit against DeSoto was filed on November 26, 1999.

On January 3, 2000, the U.S. Magistrate dismissed *Richardson I* with prejudice on DeSoto's motion for summary judgment.[2]  On December 26, 2001, the district court dismissed *Richardson II* with prejudice based on res judicata, noting that "the issue of retaliatory discharge is within the range of issues that could have been litigated in [*Richardson I*]."  In its decision, the district court emphasized that the *Richardson I* court was aware of Richardson's discharge at the time it granted summary judgment.  The court also emphasized that Richardson failed to move to amend the complaint in *Richardson I* to add her claim of retaliatory discharge, even though summary judgment was entered in *Richardson I* four months after the issuance of a right-to-sue notice on the Richardson's second EEOC charge, and nine months after Richardson's discharge.

For res judicata to apply, four requirements must be satisfied:  (1) identical parties in both actions; (2) prior judgment rendered by a court of competent jurisdiction; (3) final judgment on the merits; and (4) plaintiff raises the same claim or cause of action in both cases.  *Eubanks v. Fed. Deposit Ins. Corp.*, 977 F.2d 166, 169 (5th Cir. 1992).   Only the fourth requirement is at issue in this case.[3]   To determine whether the same claim is involved in two actions, we apply the transactional test set forth in the RESTATEMENT (SECOND) OF TORTS § 24. *Eubanks,* 977 F.2d at 171.  Under the transactional test, the critical inquiry is whether the two actions are based on the "same nucleus of operative facts."  *Id*.  In this inquiry, we look to the factual predicate of the claims

---

[2] Richardson's response to DeSoto's summary judgment motion, filed after the court entered its order, was untimely.  The court therefore construed her response as a motion to alter or amend the final judgment pursuant to FED. R. CIV. P. 59(e).  *See Richardson v. DeSoto County Sheriff's Dep't*, No. CIV-A-2:98CV211-A, 2001 WL 1524351 (N.D. Miss. May 9, 2001).  The court denied Richardson's motion, finding no manifest error or law or fact in the decision to grant summary judgment. *Id*.  Richardson did not appeal.

[3]The parties are identical, jurisdiction is unchallenged, and final judgment was entered on the merits in the prior action.

asserted, not the legal theories advanced by the parties. *Id.* Res judicata "'bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication, [], not merely those that were adjudicated.'" *Langston v. Ins. Co. of Am.*, 827 F.2d 1044, 1046 (5th Cir. 1987)(quoting *Nilson v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983)).

It is clear that the wrongful termination claim Richardson brought in *Richardson II* could have been brought in the first action. Richardson filed *Richardson II* only two weeks after DeSoto filed its motion for summary judgment in *Richardson I*. In the four months which elapsed between Richard's receipt of a notice of a right to sue on her second EEOC charge and the entry of the final order in *Richardson I*, Richardson could easily have amended her *Richardson I* complaint to add the wrongful discharge theory of recovery. *See Langston*, 827 F.2d at 1048 (noting that "the general rule in the federal courts is to liberally permit amendments where justice so requires, even though such amendment may change the theory of a case"). Moreover, in the first action, Richardson asserted claims relating the DeSoto's *threat* of retaliatory discharge. These assertions further confirm that *Richardson I* and *Richardson II* are successive actions arising out of substantially the same set of alleged facts. Thus, we conclude that Richardson's claim is barred by the doctrine of res judicata.

In sum, because Richardson could have brought her wrongful termination claim in the first suit, the district court properly dismissed her second suit arising out of the same facts. We AFFIRM the district court's judgment.