Frank BOSTON, Plaintiff,

v.

Michael J. STOBBE; James Sligh; and
Willie Eagleton, Defendants.

C.A. No. 9:08–cv–819–PMD.

United States District Court,
D. South Carolina,
Beaufort Division.

May 27, 2008.

Frank Boston, Bishopville, SC, pro se.

### ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon the Magistrate Judge's recommendation that the Complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge further recommended that the case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The Record contains a Report and Recommendation ("R & R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A dissatisfied party may object, in writing, to an R & R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Plaintiff Frank Boston ("Plaintiff" or "Boston") filed timely objections to the R & R.

### BACKGROUND

Plaintiff is currently incarcerated at the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). On or about March 7, 2008, Plaintiff filed the instant lawsuit pursuant to 42 U.S.C. § 1983 in which he contends that SCDC's calculation of his sentence does not include the number of work time credits to which he believes he is statutorily entitled. In his Complaint, he asserts that he has filed numerous grievances concerning the issue, and he also states that he filed a petition for habeas corpus on July 9, 2007, which was denied on January 17, 2008. (See Compl. at 3–4.) Plaintiff states that Defendants Michael J. Stobbe, James Sligh, and Willie Eagleton violated his constitutional rights because they refused to correct his "maxout" date. (Id. at 4.) Paragraph 12 of his Complaint states (verbatim),

> Fourteenth Amendment Due Process, Cruel and Unusual Punishment, Deliberate Indifference. Defendants Michael J. Stobbe, James Sligh Jr., and Willie Eagleton violated plaintiff's constitutional rights.

(Compl.¶ 12.) Plaintiff seeks both compensatory and punitive damages against all three Defendants. (Id. at 5.)

As the Magistrate Judge noted in the R & R, the instant civil action is the second one Plaintiff has filed based on allegations that his federal constitutional rights are being violated because personnel within the SCDC incorrectly calculated his "maxout" date. (R & R at 1.) Plaintiff filed a petition for writ of habeas corpus on or about July 5, 2007. See Boston v. S.C. Dep't of Corr., C.A. No. 9:07–1861. In that proceeding, he asserted he was entitled to relief because he "was not given all his earned work credits." (Pet. at 6.) He also asserted that he was entitled to immediate release because his sentence had expired. (Id. at 9–11.) Magistrate Judge Kosko entered a Report and Recommendation in that case on December 20, 2007, in which he recommended granting the respondents' Motion for Summary Judgment.[1] Magistrate Judge Kosko determined the petition was barred under the procedural default doctrine and in the alternative concluded the habeas petition should be barred for failure to exhaust state administrative remedies. (See R & R in 07–1861 at 12.) The R & R in that case further

---

1. The respondents in that action were "Warden of Lee Correctional Institution" and "South Carolina Department of Corrections."

concluded that even if the petitioner had exhausted his state remedies, he would still not be entitled to habeas relief. (*Id.*) The Magistrate Judge noted that while the petitioner claimed he was entitled to one day off his sentence for every two days that he works, "[p]etitioner is mistaken." (*Id.* at 13.) The R & R states,

> [T]he number of earned work credits that an inmate is entitled to depends on the job the inmate holds. At different times during his incarceration, the Petitioner has worked in jobs that have afforded him the opportunity to earn one day of earned work credits for each day worked, working seven days a week. At other times, the Petitioner has held jobs that only earned him one day o[f] earned work credits for every seven days he worked. Furthermore, the Petitioner has not worked consistently through his incarceration. For instance, in late 2005 the Petitioner did not work and thus did not earn credits against his sentence for four months. Likewise, in 2006 the Petitioner did not work for more than eight months. Therefore the Petitioner has not earned nearly the 1209 days of earned work credit that he claims in his Petition.

(*Id.* at 13.) The R & R in the habeas petition further stated that "reason the Petitioner's projected parole date has been pushed back is because of the forfeiture and loss of *good time* credits (not work credits) due to disciplinary convictions." (*Id.*) The petitioner further claimed that he was entitled to have his forfeited good time and work credits restored, but the R & R concluded otherwise:

> [T]he Petitioner has been given credit for all of his earned work credits. Therefore, there are not any forfeited work credits that need to be restored. As to the forfeited good time credits, the good time credits that the Petitioner have forfeited has been as a result of his 56 disciplinary infractions of which he

has been convicted. Under S.C.Code Ann. § 24–13–210(A), an inmate is entitled to earn good credits if his *"record of conduct shows that he has faithfully observed all the rules of the institution where he is confined and has not been subjected to punishment for misbehavior."* The Petitioner has clearly not observed the rules of his institution and has been punished for misbehavior since he has been incarcerated. Therefore, the Petitioner is not entitled to those good time credits that he has forfeited.

(*Id.* at 13–14.) The Magistrate Judge further concluded that the petitioner was not entitled to immediate release because the petitioner's sentence had not expired. (*Id.* at 14.)

On January 17, 2008, this court entered an order adopting the R & R and granting the respondents' Motion for Summary Judgment. At the time the court issued the order, no objections were in the record, but the record does contain objections that Boston dated January 14, 2008. (*See* Doc. No. [30] in 07–1861.) He also filed a notice of appeal, and that appeal is still pending.

Returning to the case *sub judice,* the § 1983 claim, Magistrate Judge Kosko entered a Report and Recommendation on March 19, 2008, in which he recommended (1) dismissing the Complaint without prejudice and without issuance and service of process, and (2) deeming this case a "strike" pursuant to the "three strikes" rule of 28 U.S.C. § 1915(g). (*See* R & R in 08–819 at 6.) The R & R states,

> Initially, the allegations contained in the Complaint . . . are inadequate to state a viable claim for damages against any Defendant. This is true because, to the extent that it contains any factual allegations of wrongdoing against any Defendant, the Complaint filed by Plaintiff basically contains only what some courts have described as "buzzwords" or

"gibberish." As stated above, Plaintiff broadly recites the legal terminology "Fourteenth Amendment Due Process, Cruel & Unusual Punishment, Deliberate Indifference" and "violated ... constitutional rights." However, other than Plaintiff's brief allegation about one Defendant's supposed incorrect calculation of his sentence ..., the Complaint is devoid of any other factual allegations against the other two Defendants or of any other alleged wrongdoing by Defendant Stobbe.

(*Id.* at 3.) Furthermore, the R & R states that "[b]y broadly asserting that the Defendants' 'violated [his] constitutional rights' and including unexplained legal terminology without offering any substantial factual allegations underlying the legal conclusions asserted, Plaintiff's Complaint fails to meet the requirements of either Federal Rule of Civil Procedure 8(a) or 12(b)(6) and is, in fact, frivolous and subject to summary dismissal." (*Id.* at 4.) The R & R also states, "[E]ven if the Complaint could somehow be liberally construed as stating potential claims against the Defendants under 42 U.S.C. § 1983 based on their involvement in the calculation of Plaintiff's max-out date, the Complaint should still be summarily dismissed due to the operation of the doctrine of *res judicata.*" (*Id.*)

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R & R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R & R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R & R, and Plaintiff's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R & R and fully incorporates it into this Order.

## ANALYSIS

Plaintiff objects to the Magistrate Judge's determination that the instant action is barred by the doctrine of *res judicata.* (Objections at 2.) Plaintiff states,

The Court [in his habeas action] ... ruled that petitioner had procedurally defaulted and was procedurally barred from raising allegations[;] therefore the allegations w[ere] not equally raised and exhausted. Moreover even if the merit determination was adopted[,] the allegations were against the South Carolina Dep[artment] of Corr[ections], and Warden A.J. Padula, not any of the defendants named in this present complaint. (*Id.*)

As a preliminary matter, the court notes that Plaintiff is objecting to the alternative ground in the R & R. Magistrate Judge Kosko recommended dismissing Plaintiff's Complaint because it failed to meet the requirements of either Federal Rule of Civil Procedure 8(a) or 12(b)(6) and was frivolous. (*See* R & R at 4.) In the alternative, he recommended dismissing the Complaint as barred by the doctrine of *res judicata.* (*Id.*) The court therefore notes that even if the court ruled in Plaintiff's favor regarding his objection, the result would not change, as Plaintiff did not object to the determination that his Complaint failed to meet the requirements of Rule 8(a) or 12(b)(6).[2] Even so, the court

**2.** In his objections, Plaintiff does state, "In the present case petitioner alleges factual allegations against defendants Michael J. Stobbe, James Sligh Jr. and Willie Eagleton for [F]ourteenth Amendment Due Process, Cruel & Unusual Punishment, and Deliberate Indif-

ference." (Objections at 2.) This statement, however, does nothing other than repeat exactly what Plaintiff stated in his Complaint. To the extent that this can be read as an objection to the Magistrate Judge's determi-

will consider the merits of Plaintiff's objection.

 First, Plaintiff seemingly argues that because the holding concerning the merits of his habeas petition was a holding in the alternative, that adjudication can have no preclusive effect. The Fourth Circuit does not appear to be consistent concerning the preclusive effect of alternative findings. *Compare Tuttle v. Arlington County Sch. Bd.*, 195 F.3d 698, 704 (4th Cir.1999) (declining to apply collateral estoppel to alternative finding of prior court),[3] *with Ritter v. Mount St. Mary's College*, 814 F.2d 986, 993–94 (4th Cir. 1987) (noting the "general rule" that alternative findings are not given preclusive effect, but nonetheless applying collateral estoppel to an alternative ground for a judgment that was fully litigated). In the case *sub judice*, there is no doubt that Plaintiff's claim was fully litigated in his habeas petition, even though the holding concerning the work and good time credits was an alternative holding. Indeed, as is clear from reading all of the grounds alleged in the habeas petition, the case was all about these credits. Even though the general rule is that alternative findings are not given preclusive effect, the alternative finding should have such effect in this case.

Plaintiff had a full and fair opportunity to litigate the merits of what is now his § 1983 claim when he was litigating his habeas petition. The court therefore overrules Plaintiff's objection. *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 250–56 (3d Cir.2006). *But see Comair Rotron, Inc. v. Nippon Densan Corp.*, 49 F.3d 1535, 1538–39 (Fed. Cir.1995) (holding that a finding was not essential to a judgment for collateral estoppel purposes where judgment was supportable on other grounds).

Plaintiff also seems to assert in his objections that his § 1983 claim cannot be barred by the doctrine of *res judicata* as a result of the litigation of his habeas petition. Although the court has found no Fourth Circuit authority on the issue, the United States Court of Appeals for the Ninth Circuit addressed an argument very similar to the one Plaintiff makes herein. In *Hawkins v. Risley*, 984 F.2d 321 (9th Cir.1993), the plaintiff appealed the dismissal of his § 1983 claim against several officers of the State of Montana. *Hawkins*, 984 F.2d at 322. He filed a § 1983 action seeking damages from Montana and eleven individual defendants "associated with the Board of Pardons and the Montana prison system for violations of his

---

nation that Plaintiff failed to comply with Rule 8(a) or Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court concludes the objection is without merit. This statement, which is essentially identical to Paragraph 12 of the Complaint, is merely a collection of legal "buzzwords." (*See* R & R at 3.) *See Todd v. Geneva Convention*, No. 3:08–0660–MBS, 2008 WL 1339835, at *5–6 (D.S.C. Apr.9, 2008).

**3.** The Fourth Circuit stated in *Tuttle*,

After analyzing the relevant factors, we find that the School Board is not collaterally estopped from appealing the district court's legal conclusion that diversity is not a compelling governmental interest. Because the admissions policy in *Tito* was markedly different than the current Policy, the issues decided in *Tito* were hardly "identical" to the issues currently before this Court. Since the district court also concluded that the *Tito* policy was not narrowly tailored, the district court's conclusion of law that diversity could never be a compelling interest was not "necessary" in *Tito*. Furthermore, the decision in *Tito* was hardly "final and valid." The *Tito* injunction was qualified with "as long as [a] random lottery selection procedure continues to be employed," implying that the School Board retained the discretion to choose another random lottery selection procedure. Collateral estoppel, therefore, does not apply in this case.

*Tuttle*, 195 F.3d at 704.

right to an on-site hearing [concerning furlough revocation], his right to have counsel at the hearing, his right against unlawful arrest, and his rights under the Uniform Criminal Extradition Act." *Id.* at 322–23. He later filed a petition for writ of habeas corpus in the same court, "alleging identical violations of his rights arising from his extradition and the revocation of his furlough." *Id.* at 323. The district court denied the petition, and on appeal, the Ninth Circuit affirmed in an unpublished opinion. *Id.* Before the circuit court issued its opinion, the defendants moved for a continuance of the § 1983 action, but the district court dismissed the action as barred by res judicata. *Id.* On appeal, the Ninth Circuit stated,

> In *Williams v. Ward,* 556 F.2d 1143 (2d Cir.1977), Judge Friendly noted the rule that a state court judgment may preclude a § 1983 action, and went on to say:
>
> > there is no reason to think a different rule would apply where the first judgment is federal habeas .... [T]he major reason for a lenient rule of res judicata in § 1983 would be the "purposes underlying enactment" of the Ku Klux Klan Act of 1871, "in particular, the congressional misgivings about the ability and inclination of state courts to enforce federally protected rights," a concern hardly applicable where both proceedings are in federal court. Nor is there any statutory counterpart to the special res judicata rules established for successive habeas applications by 28 U.S.C. § 2244(b), to govern a situation where a petition under § 1983 follows an earlier habeas application.
>
> *Id.* at 1153–54 (citations omitted). We agree with the analysis in *Williams v. Ward* and hold that a prior federal habeas decision may have a preclusive effect in a § 1983 action.

*Hawkins,* 984 F.2d at 323. The Ninth Circuit rejected the plaintiff's argument that the dismissal of his federal habeas petition was not a final judgment at the time the district court dismissed the § 1983 action because an appeal was pending. *Id.* at 324–25. The court also rejected the plaintiff's argument that preclusion "cannot apply because the two cases were against different parties, raised different issues, and sought different remedies." *Id.* at 325. The court stated,

> As the district court observed, in each case [the plaintiff] claimed identical constitutional rights were violated by his arrest as a parole violator, his extradition to Montana, the lack of an on-site hearing, and the lack of counsel at the due process hearing. The district court addressed the merits of each of Hawkins' habeas claims and denied relief because his federal constitutional and statutory rights had not been violated. This determination necessarily precludes Hawkins' § 1983 action in which he raises the identical issues, whether or not defendants were in privity with the respondent in the habeas petition and even though Hawkins sought different relief.

*Id.; see also Felker v. Turpin,* 101 F.3d 95, 97 (11th Cir.1996) ("Under th[at] doctrine [ (of issue preclusion)], Lochnar is precluded from asserting a § 1983 claim that Georgia's use of electrocution to carry out a death sentence is unconstitutional because he raised that issue in his prior federal habeas petition."); *Morke v. Merritt,* No. Civ. A. 98–1572–AM, 2000 WL 33949739, at *8 (E.D.Va. Sept.7, 2000) (stating, in the context of a Motion to Alter or Amend, that "although the Fourth Circuit has no precedent on point, at least one court has held that 'a prior federal habeas decision may have a preclusive effect in a § 1983 action'" (quoting *Hawkins,* 984 F.2d at 323)). The court concludes this objection is without merit.

■ Plaintiff's last objection is that the Magistrate Judge erred in recommending dismissal of Plaintiff's § 1983 claim pursuant to the doctrine of *res judicata* because parties are not identical. The habeas claim was filed against "Warden of Lee Correctional Institution" and "South Carolina Department of Corrections," whereas the § 1983 claim is against Michael Stobbe, James Sligh, and Warden Willie Eagleton. Although the parties are not identical, the court concludes the objection is without merit as the parties are in privity. "Collateral estoppel, or issue preclusion, provides that once a court of competent jurisdiction actually and necessarily determines an issue, that determination remains conclusive in subsequent suits, based on a different cause of action but involving the same parties, or privies, to the previous litigation." *Weinberger v. Tucker*, 510 F.3d 486, 491 (4th Cir.2007) (citing *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). The test for privity is "whether the interests of one party are so identified with the interests of another that representation by one party is representation of the other's legal right." *Id.*

In the case *sub judice*, the court concludes the respondents in the habeas petition are in privity with the Defendants in the § 1983 action. As noted above, the issue decided in the habeas claim was whether Plaintiff's work and good time credits had been properly calculated, and in this § 1983 claim, he seeks damages from the Defendants, asserting his work and good time credits were not properly calculated. *See Andrews v. Daw*, 201 F.3d 521, 524–25 (4th Cir.2000) (noting the privity requirement "assumes that the person

in privity is so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved"). Plaintiff is thus incorrect in asserting the parties must be identical for the doctrine of *res judicata* to bar his claim, and his objection is therefore without merit.

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Plaintiff's Complaint is **DISMISSED** without prejudice and without issuance and service of process. It is further **ORDERED** that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

Report and Recommendation

GEORGE C. KOSKO, United States Magistrate Judge.

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently incarcerated at the Lee Correctional Institution in Bishopville, South Carolina. This is the second civil action that Plaintiff has filed in this Court in one year based on allegations that personnel within the South Carolina Department of Corrections (hereinafter "SCDC") incorrectly calculated his max-out date, and that, therefore, his federal constitutional rights are being or have been violated. *See Boston v. South Carolina Dep't of Corr.*, Civil Action No. 9:07–1861 (hereinafter "habeas corpus action"). The habeas corpus action was decided on lack of exhaustion and on the merits against the position asserted by Plaintiff therein. In other words, Plaintiff's contentions in the habeas corpus action that

---

1. Pursuant to 28 U.S.C. § 636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

his sentence credits were incorrectly calculated by SCDC and that he was entitled to have forfeited credits returned to him were specifically considered and rejected by A the undersigned magistrate judge following full consideration of the respondent's motion for summary judgment and Plaintiff's response thereto. *See* Civil Action No. 9:07–1861 (Entry 23). That merits determination was specifically adopted by the assigned district judge in the habeas corpus case. *Id.* (Entry 27). Plaintiff has appealed the dismissal of the habeas corpus action, but the Fourth Circuit Court of Appeals has not yet ruled on the appeal. *Id.* (Entry 31) (*Boston v. Warden,* No. 08–6209 (4th Cir. filed Feb. 12, 2008)).

In the present case, as he did in the habeas corpus action, Plaintiff contends that SCDC's calculation of his sentence does not include the number of work time credits to which he believes he is statutorily entitled. Complaint, 4. Unlike in the habeas corpus action, however, in this case Plaintiff seeks compensatory and punitive damages from three persons who were apparently somehow involved in the calculation of Plaintiff's max-out date. The Complaint filed in this case contains factual allegations that include a paragraph that states: "Fourteenth Amendment Due Process, Cruel & Unusual Punishment, Deliberate Indifference." *Id.* Immediately thereafter, Plaintiff broadly alleges that the persons he has named as Defendants, "violated Plaintiff's constitutional rights" when they "refused to correct Plaintiff's maxout date." *Id.* More specifically, he then alleges that "Defendant Micheal J. Stobbe did not calculate Plaintiff's maxout date according to S.C.Code Ann. 24–13–230." *Id.* There are no other allegations concerning any other specific wrongdoing by any other Defendant.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Nasim v. Warden, Md. House of Corr.,* 64 F.3d 951 (4th Cir.1995) (*en banc*); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir.1983); *Boyce v. Alizaduh,* 595 F.2d 948 (4th Cir.1979).

■■■■ *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.,* 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.,* 901 F.2d 387 (4th Cir.1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

■■ Initially, the allegations contained in the Complaint filed in this case are inadequate to state a viable claim for dam-

ages against any Defendant. This is true because, to the extent that it contains any factual allegations of wrongdoing against any Defendant, the Complaint filed by Plaintiff basically contains only what some courts have described as "buzzwords" or "gibberish[.]" *See Coghlan v. Starkey,* 852 F.2d 806, 812–16 (5th Cir.1988) (collecting cases); *Ramos v. Thornburgh,* 732 F.Supp. 696, 702 (E.D.Tex.1989); *Yocum v. Summers,* 1991 WL 171389 (N.D.Ill.1991); *McCutcheon v. N.Y. Stock Exchange,* No. 88 C 9965, 1989 WL 82007 (N.D.Ill. July 10, 1989). As stated above, Plaintiff broadly recites the legal terminology "Fourteenth Amendment Due Process, Cruel & Unusual Punishment, Deliberate Indifference" and "violated . . . constitutional rights." However, other than Plaintiff's brief allegation about one Defendant's supposed incorrect calculation of his sentence (which is discussed in more depth and found unavailing below), the Complaint is devoid of any other factual allegations against the other two Defendants or of any other alleged wrongdoing by Defendant Stobbe. As a result of this inadequate factual presentation, it is impossible to determine which, if any, allegations of wrongdoing are made with respect to each Defendant without excessive expenditure of precious judicial resources. Although the "liberal pleading requirements" of Federal Rule of Civil Procedure 8(a) only require a "short and plain" statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh,* 275 F.3d 391, 405 (4th Cir.2001) (internal citations omitted). Specifically, "[t]he presence [ ] of a few conclusory legal terms does not insulate a complaint from dismissal . . . when the facts alleged in the complaint do not support the legal conclusion." *Id.* at 405 n. 9 (internal quotation marks and citations omitted and alterations in original).

Even though the Court does liberally construe *pro se* pleadings, Plaintiff must do more than make mere conclusory statements to support his claims. *Brown v. Zavaras,* 63 F.3d 967 (10th Cir.1995); *see Adams v. Rice,* 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White,* 886 F.2d 721, 723 (4th Cir.1989) (same, where plaintiffs complaint "failed to contain any factual allegations tending to support his bare assertion"). By broadly asserting that the Defendants "violated [his] constitutional rights" and including un explained legal terminology without offering any substantial factual allegations underlying the legal conclusions asserted, Plaintiff's Complaint fails to meet the requirements of either Federal Rule of Civil Procedure 8(a) or 12(b)(6) and is, in fact, frivolous and subject to summary dismissal. *See Antonio v. Moore,* No. 05–6272, 2006 WL 584395 (4th Cir. March 9, 2006).

Moreover, even if the Complaint could somehow be liberally construed as stating potential claims against the Defendants under 42 U.S.C. § 1983 based on their involvement in the calculation of Plaintiff's max-out date, the Complaint should still be summarily dismissed due to the operation of the doctrine of *res judicata.*[2] The relief Plaintiff seeks: a different result in a case that was fully litigated, considered, and

---

2. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis,* 476 F.2d 1271 (8th Cir.1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees,* 88 F.3d 417 (6th Cir.1996) (emphasis added).

decided on the merits (Civil Action No. 9:07–1861, the habeas corpus action)—is barred by the doctrine of *res judicata*. This is true even though Plaintiff has not styled this case as one against the same parties as those named as respondents in the habeas corpus action or that he seeks different relief in this case (damages) than he did in the habeas corpus case (release from prison). Regardless of the parties' names or the stated "cause of action," it is clear that Plaintiff is, in fact, attempting use the Complaint in this case to re-litigate the habeas corpus action. This is something Plaintiff may not do under established principles of law. *See Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir.1992) (district court erred in denying motion for summary judgment based on *res judicata* where plaintiff attempted, after having brought suit including an ADEA claim, to bring a subsequent suit in a different court alleging breach of contract); *Hogue v. Royse City*, 939 F.2d 1249, 1253 (5th Cir.1991) (ADEA claims subject to dismissal because of previous suit on wrongful discharge); *Langston v. Ins. Co. of N. Am.*, 827 F.2d 1044, 1048–49 (5th Cir.1987) (*res judicata* barred suit under ADEA where previous suit was for wrongful discharge). In *Polsby v. Thompson*, 201 F.Supp.2d 45 (D.D.C.2002), the district court explained the criteria for *res judicata*:

> *Res judicata* bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946–47 (D.C.Cir.1983). The four factors that must exist for *res judicata* to apply are (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits. *See Brannock Assocs., Inc. v. Capitol*

*801 Corp.*, 807 F.Supp. 127, 134 (D.D.C. 1992) (citing *U.S. Industries, Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 n. 21 (D.C.Cir.1985)). The purpose of *res judicata* is to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C.Cir.1981).

Determining whether a particular ruling fulfills each factor necessary for *res judicata* to apply requires a careful assessment of what each factor demands. First, a nonparty may be in privity with a party to the prior action if the nonparty's interests are "adequately represented by a party to the original action." *See American Forest Res. Council v. Shea*, 172 F.Supp.2d 24, 31 (D.D.C.2001) (quoting *Tyus v. Schoemehl*, 93 F.3d 449, 454 (8th Cir.1996)). Also, the doctrine of *res judicata* applies to all the parties' rights regarding matters that could have been litigated as well as those matters that were actually litigated. *See I.A.M. Nat'l Pension Fund*, 723 F.2d at 947. Finally, for *res judicata* to apply, the court must have made a final ruling based on the merits of the case. *See U.S. Indus.*, 765 F.2d at 205–06. A traditional judgment on the merits of a case is one that disposes of the underlying cause of action. *See Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1877). More generally, a judgment is considered on the merits when a court renders a decision after considering the legal claim. *See Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir.1981); 18 Moore's Federal Practice § 131.30[3][a] (3d ed.2000). In other words, a ruling is a judgment on the merits if it "is based on legal rights as distinguished from mere matters of practice, procedure, ju-

risdiction, or form." *Id.* (quoting *Fairmont Aluminum Co. v. Comm'r*, 222 F.2d 622, 625 (4th Cir.1955)).

*Polsby*, 2002 WL 759625. *See Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir.1989) (" '[J]ustice is better served by attributing finality to judgments ... than by second efforts at improved results.' "). Since *res judicata* would bar the Complaint in this case even if it did contain sufficient factual allegations to state potential § 1983 claims against Defendants, this case should be considered frivolous and should be summarily dismissed.

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202–04 (4th Cir.1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Furthermore, since the Complaint filed in this case clearly fails to state a claim on which relief may be granted and is substantially frivolous, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to the important notice on the next page.